UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAR 20 P 12: 13

ANTHONY BREWINGTON,
  *Plaintiff,*

v.

ARAMARK MANAGEMENT SERVICES, L.P.,
  *Defendant.*

Civil Action No. _____

## COMPLAINT AND JURY DEMAND

Plaintiff Anthony Brewington, proceeding pro se, hereby brings this action against Defendant Aramark Management Services, L.P., and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices at issue occurred in Secaucus, New Jersey.

4. Plaintiff has timely exhausted all required administrative remedies and received a Notice of Right to Sue from the Equal Employment Opportunity Commission.

## II. PARTIES

5. Plaintiff Anthony Brewington is an African American male, age 49, residing in the State of New Jersey.

6. Defendant Aramark Management Services, L.P. is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and at all relevant times employed more than fifteen (15) employees.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Protected Activity

7. Plaintiff engaged in protected activity by opposing unlawful employment practices, including by complaining to management and Human Resources about workplace harassment, threats of violence, and a hostile work environment.

8. Plaintiff further engaged in protected activity by filing a formal HR complaint on August 18, 2025 (HRC #3655953 / 44716624).

## B. June 24–25, 2025: Harassment, Threats, and Unequal Discipline

9. On June 24, 2025, Plaintiff's coworker, Sasset Reynolds, verbally assaulted Plaintiff at his workstation, directed profanity at him, and aggressively placed her hands in his face.

10. This incident occurred in the presence of an NBA Human Resources representative and an NBA employee, and was captured by video surveillance located above Plaintiff's workstation.

11. Despite Ms. Reynolds being the aggressor in the incident, Defendant imposed discipline on Plaintiff while taking no adverse action against Ms. Reynolds, constituting unequal treatment.

12. On June 25, 2025, Plaintiff learned that Ms. Reynolds had stated her intention to have her boyfriend "pistol whip" Plaintiff.

13. Plaintiff promptly reported this threat to management given its violent and threatening nature and his reasonable concern for his personal safety.

14. Defendant failed to take prompt or effective action to investigate or protect Plaintiff from the threat of violence.

## C. July 11, 2025: Retaliatory Reduction of Work Hours

15. Shortly after Plaintiff engaged in protected activity, Defendant's General Manager unilaterally eliminated Plaintiff's Friday work shifts.

16. Management attributed this decision to the NBA's unwillingness to pay for those hours, notwithstanding an active union contract guaranteeing Plaintiff forty (40) hours of work per week.

17. No written justification was provided for this change, and the union representative was not notified until other employees raised concerns.

18. This reduction in hours caused Plaintiff direct financial harm and materially altered the terms, conditions, and privileges of his employment.

## D. August–September 2025: Retaliation and Intimidation

19. On August 28, 2025, Plaintiff was shown a photograph of himself taken at his workstation by Ms. Reynolds, which she had transmitted to her boyfriend.

20. In light of Ms. Reynolds's prior threat of violence, this conduct constituted intimidation and retaliation against Plaintiff for having engaged in protected activity.

21. On September 10, 2025, Defendant's corporate Human Resources department informed Plaintiff that its investigation had been closed for "insufficient evidence."

22. On September 17, 2025, Defendant produced documentation falsely characterizing Plaintiff's complaint as one alleging sexual harassment.

23. Plaintiff did not make a sexual harassment complaint; he reported threats of violence, retaliation, and a hostile work environment. Defendant's mischaracterization undermined Plaintiff's protected activity and reflects bad-faith handling of his complaint.

### E. Continued Retaliatory Conduct

24. On September 24, 2025, Ms. Reynolds falsely accused Plaintiff of deliberately bumping into her. Plaintiff categorically denies this allegation.

25. Following his protected activity, Plaintiff was subjected to heightened scrutiny and continued hostility in the workplace.

26. On November 3, 2025, Plaintiff was involved in a code-of-conduct matter with another coworker, occurring against the backdrop of the ongoing pattern of retaliation described herein.

## IV. CAUSE OF ACTION

### COUNT I – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

### (42 U.S.C. § 2000e-3(a))

27. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully stated herein.

28. Plaintiff engaged in protected activity within the meaning of Title VII by opposing unlawful employment practices and filing formal complaints with Defendant's Human Resources department.

29. Defendant subjected Plaintiff to one or more materially adverse employment actions, including but not limited to: (a) imposing unequal discipline following the June 24, 2025 incident; (b) reducing Plaintiff's work hours and resulting compensation; (c) failing to take meaningful action to address threats of violence made against Plaintiff; (d) engaging in a pattern of intimidation and mischaracterizing Plaintiff's formal complaints; and (e) subjecting Plaintiff to heightened scrutiny and false accusations.

30. The temporal proximity between Plaintiff's protected activity and the adverse actions taken by Defendant, together with Defendant's pattern of retaliatory conduct, establishes the requisite causal connection between Plaintiff's protected activity and the adverse actions.

31. Defendant's actions were of a nature that would dissuade a reasonable employee from making or supporting a charge of discrimination or from engaging in other protected activity.

32. By reason of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

## V. DAMAGES

33. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, anxiety, and harm to his professional reputation.

34. Defendant's conduct was willful, intentional, and in reckless disregard of Plaintiff's federally protected rights, thereby warranting an award of punitive damages.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff Anthony Brewington respectfully requests that this Court enter judgment in his favor and against Defendant, and grant the following relief:

(a) A declaration that Defendant's conduct constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964;

(b) An award of compensatory damages for lost wages, emotional distress, and other compensatory losses in an amount to be determined at trial;

(c) An award of punitive damages for Defendant's willful and reckless disregard of Plaintiff's federally protected rights;

(d) An award of back pay and restoration of all lost hours and benefits;

(e) Injunctive relief prohibiting Defendant from engaging in further acts of retaliation against Plaintiff;

(f) An award of costs of suit and such attorney's fees as may be allowable under applicable law; and

(g) Such other and further relief as this Court deems just, equitable, and proper.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Anthony Brewington hereby demands a trial by jury on all issues so triable as of right.

Respectfully submitted,

_anthony Brewington_

**Anthony Brewington**

Plaintiff, Pro Se

Date: 3/20/2026

Name: **Anthony Brewington**

Employer: Aramark (NBA Headquarters – Secaucus, NJ)

Position: Food Service Worker

Date of Hire: October 22, 2024

I am a 49-year-old African American man employed by Aramark at the NBA Headquarters in Secaucus, NJ. I am filing this complaint to report ongoing workplace harassment, racial discrimination, and a hostile work environment.

Since beginning my employment, I have experienced multiple incidents of unfair treatment and targeted discipline:

• **January 2025**: I was involved in an unnecessary conflict with the Head Chef Tony Roda over throwing onions in my direction because I didn't put the onion in the home fries I was making. The situation was escalated without cause and added to the pattern of harassment I've been experiencing.

**HR Complaint Reference # 2025-1-6969874**

I have noticed clear favoritism by management, especially by Justin Shuman, the current General Manager. Certain employees are not held to the same standards or reprimanded for similar or worse behavior. I am also the only Black male employee at this location, which leads me to believe I am being targeted due to my race.

I filed request for EEOC investigate these incidents. I am seeking to move forward with a formal complaint and potential legal action against Aramark for maintaining a discriminatory and hostile work environment. I have my intake interview with **EEOC 2/2026**

• **February 12, 2025**: I was verbally attacked by a coworker **(Maryela)** who shouted, "Don't fucking play games with me." Despite being the victim, I was written up for allegedly not following company policy. This incident was witnessed by Ian, who worked at the salad station that day.

• **June 24, 2025**: co-worker**(Sasset Reynolds)** confronted me at my workstation, cursed at me, and aggressively put her hands in my face.

This occurred in front of an NBA HR representative and an NBA employee. As well as it was on video due to the camera I have above my station. Again, I was subjected to disciplinary action while the other employee was not held accountable.

On the following day, **June 25th**, I was informed by employee Lisa Dunham that **Sasette Reynolds** had made alarming statements to other staff members. Specifically, I was told that **Ms. Reynolds** claimed she was going to have her boyfriend "pistol whip" me.

I found this statement to be highly alarming, inappropriate, and deeply concerning, especially in a professional workplace environment. I am formally reporting this incident due to its threatening nature and potential impact on my safety and well-being at work.

I am formally submitting this complaint to request the proper investigation to this matter thoroughly. I believe it is critical to address threats of violence in the workplace seriously to ensure the safety and well-being of all employees.

July 11th 2025 our Fridays was take away because **Justin Schulman (General Manager)** claims the NBA didn't want to pay us. Which he never showed us anything in writing,and we signed a union contract to work 40 hours a week. Nor was **our union rep John Lature** notified. NBA staff isn't happy about not being able to have hot food on Fridays due to us being able to work , and have to settle for grab & go food.

I also have a audio statement of what was witnessed from 2 of my co workers **Lisa Dunham(973)955-8710 & Ian Taveras. (201)978-6261**

I have **Brad Silverstien a Lifeworks (Manager) (732)492-7779** also that can contest on my behalf all the issues **Justin Schulman (General Manager)** has created at the **Aramark NBA/ Seacaucus location.**

I also have a verbal statement from **Lisa Dunham** regarding **Sasset Reynolds** saying she's going to get me pistol whipped by her boyfriend.. Which is **Lisa's Dunham son** that doesn't work with us.

• **January 2025:** I was involved in an unnecessary conflict with the head chef over onions in a dish. The situation was escalated without cause and added to the pattern of harassment I've been experiencing. **HR Complaint Reference # 2025-1-6969874**

I have noticed clear favoritism by management, especially by **Justin Shulman, the current General Manager.** Certain employees are not held to the same standards or reprimanded for similar or worse behavior. I am also the only Black male employee at this location, which leads me to believe I am being targeted due to my race.

I filed request for EEOC investigate these incidents. I am seeking to move forward with a formal complaint and potential legal action against Aramark for maintaining a discriminatory and hostile work environment. I have my intake interview with EEOC 2/2026

**8/18/2025: HR Complaint # HRC 3655953 / 44716624**

**8/28/25 135pm Lisa Dunham** shows me a pic of myself & Lisa that **Sassete Reynolds** took of me at my station she sent to her boyfriend...

**8/28/25 @2:55pm I spoke to Chris (Food Service Dir.) For 10 mins &11 secs regarding multiple matters that has taken place since I've been working at Aramark NBA Secaucus location**

August 28th 2025 at 117pm Lisa Dunham showed me a picture of myself that was taken by Sasset Reynolds that she sent to her boyfriend which is Lisa's son. Sassete sent a picture of me to him due her threats of me getting pistol whipped.

**I spoke to Ashley Aramark HR / Management**

**Date & Time: September 10, 2025, at 4:00 PM**

**Parties Involved: Ashley (HR Corporate Office, Philadelphia) , Curt Osborne (Senior Experience Manager)**

**Ashley** from Aramark's HR corporate office confirmed that the investigation was completed and a decision was made.

**Curt Osborne** stated that the investigation was completed because there was not enough evidence.

Disciplinary decision stated **Sasset Reynolds** is completed and sexual harassment 9/17/2025 @245pm **Curt Osborne** have the document.

**9/24/2025 @954am S.Reynoldd** states i bumped into her which I didnt another tactic.

**11/3/2025:** Incident with **Latoya Fuller Dishwasher** regarding code of conduct issue . Had a talk with **Chris Teator&Chef Tony Roda**

I feel this company (Aramark) did not protect me in the situation that I'm in.

Meaning there's a sexual harassment policy. There's a violence on the workplace policy. Those things should've been enforced after she did what she did.

If they were/would have enforced that with a zero tolerance policy, you may not have been put in the position that you were in now.

**11/24/25 135pm Sasset Reynolds** whistle blower comments brought to Chris attention



UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 22
20 Washington Place
FL 5
NEWARK, NJ 07102-3127

Agency Website:
www.nlrb.gov
Telephone: (973)645-2100
Fax: (973)645-3852



Download
NLRB
Mobile
App

January 07, 2026

Anthony Jay Brewington
667 Catalpa Ave
Teaneck, NJ 07666
abrew76@gmail.com

Re:    Local 100 Unite Here
       Case 22-CB-378384

Dear Anthony Brewington:

The charge that you filed in this case on December 12, 2025 has been docketed as case number 22-CB-378384. This charge has **not** yet been assigned to an investigator. This letter outlines the required information and evidence you initially need to provide, explains your right to be represented, and provides a brief explanation of our procedures, including how to submit documents to the NLRB.

**Required Information and Evidence:** As the party who filed the charge in this case, it is your responsibility to present evidence in support of your allegations. Accordingly, please submit the following information to our office **using the Agency's e-filing system at www.nlrb.gov no later than close of business on Wednesday, January 21, 2026.**

- A chronological outline or timeline of the relevant sequence of events and exchanges (verbal and in person communications) related to the charge allegations. Include the names and titles of any involved Union and/or Employer representatives;

- Relevant documentation related to the allegations in the charge as well as supporting communications and documents such as letters, e-mails, text messages, phone records, etc.; and

- A list of the witnesses you intend to present, their contact information (e-mail and phone) and a brief summary of each witness's testimony.

**This information must be returned to this office by Wednesday, January 21, 2026. Please e-file the information as "Evidence" and select "Charging Party" as the Participant**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 MAR 20 P 12: 13

Anthony J. Brewington

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

Aramark

_(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)_

**Complaint for Employment Discrimination**

Case No. _____
_(to be filled in by the Clerk's Office)_

Jury Trial:    ☐ Yes    ☐ No
          _(check one)_

2

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name           Anthony J. Brewington

Street Address    667 Catalpa Ave

City and County    Teaneck (Bergen County)

State and Zip Code    NJ    07666

Telephone Number    (201) 899-1686

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name    Aramark

Job or Title
(if known)

Street Address    100 Plaza Dr.

City and County    Secaucus

State and Zip Code    NJ 07094

Telephone Number    (201) 673-2298 (Food Dir.)

E-mail Address    teator-chris@aramark.com
(if known)

Defendant No. 2

Name    Justin Schulman

Job or Title    General Manager
(if known)

Street Address    100 Plaza Dr.

City and County    Secaucus, Hudson

3

State and Zip Code    NJ, 07094

Telephone Number    (551) 331-5337

E-mail Address
(if known)    schulman-justin@aramark.com

Defendant No. 3

Name    _____

Job or Title
(if known)    _____

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address
(if known)    _____

Defendant No. 4

Name    _____

Job or Title
(if known)    _____

Street Address    _____

City and County    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address
(if known)    _____

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s)
is:

Name    100 Plaza Dr,

Street Address    Aramark

City and County    Secaucus (Hudson)

State and Zip Code    NJ  07094

Telephone Number    (201) 673-2298 (Food Dir.) Chris Teator

4

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

_____

☐ Relevant state law *(specify, if known)*:

_____

☐ Relevant city or county law *(specify, if known)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

5

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐  Failure to hire me.

☐  Termination of my employment.

☐  Failure to promote me.

☐  Failure to accommodate my disability.

☑  Unequal terms and conditions of my employment.

☑  Retaliation.

☐  Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

I will attach date's via document

C.  I believe that defendant(s) *(check one)*:

☑  is/are still committing these acts against me.

☐  is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑  race African American

☑  color Black

☑  gender/sex male

☑  religion Christian

☐  national origin _____

☑  age. My year of birth is 1976 . *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐  disability or perceived disability *(specify disability)*

_____

6

E.    The facts of my case are as follows.  Attach additional pages if needed.

pages will be attached, I also
have to co-worker's: Lisa Dunham,
NBA H.R.    Ian Taveras audio statement's
employee → Zinnia Serrano was present for the
6/24/25 incident I had w/ Sasset Reynolds
It's on camera as well that wasn't given
to my union, security who worked that date
should have the footage

(Note:  As additional support for the facts of your claim, you may attach to this
complaint a copy of your charge filed with the Equal Employment Opportunity
Commission, or the charge filed with the relevant state or city human rights
division.)

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment
Opportunity Commission or my Equal Employment Opportunity counselor
regarding the defendant's alleged discriminatory conduct on *(date)*

8/24/2025

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*
3/10/2026 From Nicole Zamudio
*(Note:  Attach a copy of the Notice of Right to Sue letter from the
Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment
Opportunity Commission regarding the defendant's alleged discriminatory
conduct *(check one)*:

☐    60 days or more have elapsed.
☐    less than 60 days have elapsed.

7

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Loss of hour's taken w/o written notice, Since 7/11/2025 I've lost $5,340 from Aramark and were under Union (Local 100) contract for 40 hr's weekly

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/20 , 20 26

Signature of Plaintiff    *Anthony J. Brewington*

Printed Name of Plaintiff    *Anthony J. Brewington*

8

**B.**    **For Attorneys**

Date of signing: _____, 20___.

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

9