**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY J. BREWINGTON,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK MANAGEMENT SERVICES, L.P.,<br><br>Defendant. | Civil Action No. 26-2928 (JXN)(AME)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Anthony J. Brewington's ("Plaintiff") Complaint (ECF No. 1), application to proceed *in forma pauperis* ("IFP") (ECF No. 1-2), and motion to appoint *pro bono* counsel. (ECF No. 3). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application (ECF No. 1-2) and motion to appoint *pro bono* counsel (ECF No. 3) are **DENIED**.

## I. THE IFP APPLICATION

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The IFP Statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). IFP status is a privilege, not a constitutional right. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). The decision to grant a motion to proceed IFP "depends solely on whether a litigant is economically eligible for such status." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016). A litigant need not be "absolutely destitute" to obtain IFP status. *Id.* But the litigant "must establish that he is unable to pay the costs of his suit." *Id.* (citation omitted). Courts typically deny an IFP application if paying the filing fees would not deprive the litigant of the "necessities of life." *Shahin v. Sec'y of Del.*, 532 F. App'x 123, 124 (3d Cir. 2013) (citation omitted). Plaintiff has the burden of proving indigency. *Alonso v. Appsketiers Inc.*, No. 25-16751, 2025 WL 3486916, at *1 (D.N.J. Dec. 4, 2025).

Having reviewed Plaintiff's IFP Application, it is deficient in several respects. First, Plaintiff states his average monthly income is $9,086. (*See* IFP Appl. at 2.) Meanwhile, his total monthly expenses are $2,252.96. (*Id.* at 5.) So, it appears paying the $405 filing fee will not deprive Plaintiff of the "necessities of life." *Shahin*, 532 F. App'x at 124.

Second, the IFP Application is incomplete. Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial. *See Bejarano v. Bluevine*, No. 26-2736, 2026 WL 1961088, at *2 (D.N.J. July 7, 2026) (denying IFP application where "[p]laintiff left numerous questions blank."); *Dejesus v. Davis*, No. 24-975, 2024 WL 4366854, at *3 (D.N.J. Oct. 1, 2024) (denying IFP application where "some of the fields were left blank and others were listed as 'none.'"). Here, Plaintiff left all fields blank for his total income expected next month. (*See* IFP Appl. at 1–2.)

Third, Plaintiff's IFP Application is internally inconsistent. Courts deny IFP applications with inconsistent information. *See Devivo v. O'Hearn*, No. 25-16057, 2025 WL 2977823, at *2 (D.N.J. Oct. 22, 2025) (denying IFP application where plaintiff listed $1,200 in mortgage payments, $250 in monthly food expenses, and $300 in monthly transportation expenses, yet also wrote that they paid "0$" in total monthly expenses); *Izzo v. Somerset Cnty. Prosecutor's Off.*, No. 25-2136, 2025 WL 1043435, at *3 (D.N.J. April 8, 2025) (denying IFP application plaintiff listed employment with Uber in one section and indicating a lack of employment history in another); *Johnson-El v. Olivia*, No. 24-9460, 2024 WL 5107362, at *2 (D.N.J. Dec. 13, 2024) (denying IFP application where plaintiff claimed $20,000 average monthly income and $3,600 total monthly income). Here, Plaintiff claims he makes an average of $5,000 per month from Instacart, but omits Instacart from his employment history. (*See* IFP Appl. at 1–2.) And Plaintiff states he makes an average of $9,000 per month but pays $0 in taxes. (*Id.*)

Because Plaintiff's IFP Application is incomplete, inconsistent, and reflects he is able to pay the $405 filing fee, Plaintiff's IFP Application is **DENIED *without prejudice*** to his ability to refile a complete and consistent application.

## II. THE MOTION TO APPOINT PRO BONO COUNSEL

Next, the Court denies Plaintiff's motion to appoint *pro bono* counsel. Civil litigants, like Plaintiff, do not have a right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Instead, the Court has discretion to appoint attorneys to represent litigants who are "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Before appointing *pro bono* counsel, the Court must determine whether the plaintiff's claim "has arguable merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Then the Court considers (1) the plaintiff's "ability to present his or her own case"; (2) "the difficulty of the particular legal issues"; (3) "the degree to which factual

investigation will be necessary and the ability of the plaintiff to pursue investigation"; (4) "the plaintiff's capacity to retain counsel on his or her own behalf"; (5) "the extent to which a case is likely to turn on credibility determinations"; and (6) "whether the case will require testimony from expert witnesses." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (quoting *Tabron*, 6 F.3d at 155–57).

Plaintiff's motion does not address any of these factors. And it is premature, as Plaintiff's IFP Application is denied. Accordingly, Plaintiff's motion to appoint *pro bono* counsel is **DENIED *without prejudice*** to his ability to refile.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 1-2) and motion for leave to appoint *pro bono* counsel (ECF No. 3) are **DENIED *without prejudice***. An appropriate Order accompanies this Opinion.

**DATED:** 9/28/2026

**JULIEN XAVIER NEALS**
**United States District Judge**